Norma Mae Kidd and Floyd E. Kidd, Appellants,

*v.*

State of Tennessee ex rel. Betty Moore, Appellee.

*(Knoxville,* September Term (May Session, 1959.)

Opinion filed September 9, 1960.

Howard F. Jarvis, Knoxville, for appellant. O'Neil, Jarvis, Parker & Williamson, Knoxville, of counsel.

M. L. Huffman, Knoxville, for appellee.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a child custody case instituted in the Criminal Court of Knox County by the filing of a petition for a writ of habeas corpus. The facts were stipulated, hence the direct appeal to this Court. The relator is Betty Moore, the natural mother of Teresa Kathleen Berry, age 5 years 11 months. The petition was filed March 16, 1960. The respondents are the above-named appellants, who are the former mother in law and former stepfather in law of the relator-petitioner.

The petition alleged that said child is restrained of her liberty illegally by her grandmother and stepgrandfather, the appellants herein; that the pretense for said restraint is said grandparents filed a petition in the Juvenile Court to secure custody of said child and were granted temporary custody; that said Juvenile Court had no jurisdiction of the matter, as said child was a ward of the Domestic Relations Court by virtue of a decree entered in case No. B4879, in which custody was granted to the petitioner; that the Domestic Relations Court alone had and retained jurisdiction of the custody of said child.

It is further alleged that the legality of said restraint has not already been adjudged upon a prior proceeding of this kind.

The answer of said grandparents denies all of the averments of said petition; avers that the matters have not been adjudicated by any court is false; avers that said grandparents are in lawful custody of said child by virtue of a decree of the Juvenile and Domestic Relations Court

for Knox County which said decree remains in full force and effect and has never been modified; that the said Juvenile and Domestic Relations Court for Knox County is the only Court having jurisdiction with respect to the custody of said child and that this Criminal Court of Knox County has no jurisdiction with respect thereto.

In the trial before the Judge of the Criminal Court there were 3 exhibits as follows:

1. A final decree of divorce dated October 19, 1954, entered by Judge Richard F. Douglass, Judge of the Juvenile and Domestic Relations Court for Knox County, Tennessee, awarding a decree of divorce to Harley Berry from Betty Berry but awarding custody of their 4-months old child, then named as Oresa Berry, to the mother. The parties in the present action have treated this as being the same child now appearing under the name of Teresa Kathleen Berry and the Court will assume that to be the fact by reason of a change of name. This decree retained the cause on the docket for any matters touching the welfare and support of the minor child;

2. A petition dated July 20, 1955, signed under oath by Nora Kidd addressed to Judge Richard Douglass, Judge of the Juvenile Court of Knox County, Tennessee, in which facts are alleged showing that the said child involved in this proceeding is a dependent and neglected child and praying that the court take such action as will be for the best interest of the child.

On September 2, 1955, an order was entered by Judge Richard F. Douglass, "Judge of the Juvenile and Domestic Relations Court", sustaining the petition, finding this child to be a delinquent or dependent child within the

meaning of the law of Tennessee and committing temporarily the custody to Mrs. Nora Kidd;

3. A copy of a decree of the Circuit Court of Knox County entered March 1, 1960, in cause No. 20,035, styled In Re Teresa Kathleen Berry in which Judge John M. Kelly made a finding that the natural mother (the relator herein) of Teresa Kathleen Berry had not abandoned the child nor given her consent to its adoption; he made this statement: "The case proceeded to trial upon the issues made by the petition and answer, from which it further appears to the Court that the interest of Teresa Kathleen can be best served by her being reared by her natural mother, Betty Moore, whom the Court considers to be presently a fit and proper person to do so. It further appears to the Court that the temporary custody of Teresa Kathleen should now be ended and the child restored to Mrs. Betty Moore. The Court further finds that the custody of the child was awarded to Mrs. Betty Moore by a decree of the Domestic Relations Court, the Court having original and proper jurisdiction, which decree has not been modified or changed."

The Court then dismissed the petition for adoption, but the record does not show who filed this petition.

The Judge of the Criminal Court in the habeas corpus proceeding rendered his judgment and opinion which may be summarized as follows:

1. That the Domestic Relations Court of Knox County is the only court having power and authority to make any valid order concerning the custody of the child, said court having first taken, and still retains, jurisdiction of said child;

2. The order of the Juvenile Court of Knox County dated September 2, 1955, is null and void for the reasons stated in 1 supra;

3. Under the authority of *Johnson v. Johnson,* 185 Tenn. 400, 206 S.W.2d 400, the Court sustains the petition and orders custody of the child to the relator, mother of the child, as was ordered by the decree of the Domestic Relations Court dated October 19, 1954;

4. That any change of custody must be made by the Domestic Relations Court of Knox County.

It is evident from the foregoing that the first and basic question is whether or not the order of September 2, 1955, was a valid order; and if so, what is the effect of this order on the power of any other court to act with reference to the custody of said child in the future.

It will be conducive to clear thinking if we refer to the Private Acts creating the present Juvenile and Domestic Relations Court of Knox County. Ch. 277 of the Private Acts of 1913, created a ''Juvenile Court of Knox County.'' The Act defines a dependent or delinquent child as one under the age of 16 years (then follows a numerical listing of various grounds of dependency or delinquency) ''(7) Whose home, through fault or misfortune of parent or guardian or custodian, is unfit for the child; * * *''. This is the allegation made in the petition supra of July 20, 1955, filed by Nora Kidd.

Section 7 of said Act provides in substance that any reputable person in the County may file a petition upon information and belief that a child is a ''delinquent'' or ''dependent'' child. Under Section 9 of said Act the

Court may commit the custody to ——, or "place them in a private family".

Ch. 628, Private Acts of 1923, amending the Juvenile Court Act, supra, provides for orders upon parents of children who have been determined to be neglected.

Ch. 634, Private Acts of 1925, changed the name of said Juvenile Court to "Juvenile and Domestic Relations Court of Knox County".

Throughout the amendment it is spoken of as one court, not two, but its several jurisdictions are detailed including domestic relations. *Johnson v. Johnson,* supra.

Section 3 confers "original and exclusive jurisdiction" over all matters and proceedings involving "disposition, custody" of delinquent, dependent or neglected children and Section 11 repeats that jurisdiction and adds "and to make and pass final decrees and judgments * * * therewith".

Section 9 of the original Act, which is not changed by any amendment in this respect, provides "when once jurisdiction has been obtained of a child by the court, it shall continue for the purpose of this Act during the minority of the child. * * *"

■ It seems obvious, therefore, that there is only one court, which is the Juvenile and Domestic Relations Court of Knox County, but it has jurisdiction of the several matters stated in the Act just as the Circuit Courts of Tennessee are courts of general jurisdiction and each court is an entity but has jurisdiction of many different types of subject matter. Likewise the Chancery Courts of this State.

█ It is, therefore, our holding that the Juvenile and Domestic Relations Court of Knox County had jurisdiction to enter the order of October 19, 1954, in the divorce case awarding custody of the child to the mother under Section 10 of the amended Act and really there is no controversy about that point. The disposition of the custody of the child in that proceeding was, *between the parties to the suit, res adjudicata* under all of our authorities until a change of circumstances should justify a change of custody.

█ That jurisdiction, however, had no effect whatever on the right of the petitioner Nora Kidd, to file the petition alleging the child to be a delinquent or dependent child as defined by the Act, nor any effect on the power of the Court to enter an order so declaring on September 2, 1955; and under Section 9 of the Act the Court retains jurisdiction until the child reaches its majority.

Every material question in this case was really decided in *Marmino v. Marmino,* 34 Tenn.App. 352, 238 S. W.2d 105, in an opinion written for the Court by the author of the present opinion. Of course, we were then dealing with the general statute in the 1932 Code, Section 10274, but the principle is the same. We will quote only from the bottom of page 357 of 34 Tenn.App., at page 108 of 238 S.W.2d as follows:

"We think it a sound and simple view that the Chancery Court never loses jurisdiction of the question of custody, that is, the subject matter as part of a divorce proceeding, but the right and power to exercise that jurisdiction upon the person of the minor may be suspended temporarily or permanently either prior to or after the inception of the divorce case by reason of the

exercise by the Juvenile Court of the special, exclusive jurisdiction, conferred on it to determine whether the minor is 'dependent' or 'delinquent', as defined by the Statute and hence necessarily to determine custody.

"Counsel for petitioner relies upon the maxim 'when Chancery has jurisdiction for one purpose, it will take jurisdiction for all purposes.'

"In the light of what we have said heretofore, we do not think this maxim can be applied here; to do so would be tantamount to reviewing the judgment of the Juvenile Court by an appeal to Chancery."

We, therefore, are of opinion and so hold that the order of September 2, 1955, is a valid order and had the effect among other things of placing the permanent custody of this child under the control of the Judge of the Juvenile and Domestic Relations Court of Knox County while exercising its jurisdiction of the custody of a delinquent, dependent or neglected child until the same should reach its full age and that no other court had or has any right or power whatever thereafter to change its custody or to make any orders in regard thereto, except with the consent of the Juvenile and Domestic Relations Court exercising its jurisdiction as a Juvenile Court.

The judgment below is reversed and judgment is rendered in this Court in accordance with this opinion.