# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## CHARLES KENNETH BRANCH v. VIRGINIA LOUISE THOMPSON

**An Appeal from the Circuit Court for Robertson County**
**No. 7555     The Honorable Carol Catalano, Chancellor, sitting by interchange**

---

### No.  M1998-00511-COA-R3-CV  Decided July 7, 2000

---

In this case, the minor children of the parties have been declared dependent and neglected in juvenile court, and custody was awarded to Mother.  Subsequently, the parties were divorced in circuit court, and Mother was awarded custody and Father was ordered to pay child support.  Mother filed a petition in circuit court to hold Father in contempt for his failure to pay child support, and Father filed a cross petition seeking, among other things, to change custody.  At the conclusion of an evidentiary hearing, the circuit court awarded custody of the children to Father.  Mother has appealed, and we vacate the order changing custody because of lack of subject matter jurisdiction.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court is Vacated and Remanded.**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

R. Eddie Davidson, Nashville, for Defendant-Appellant

Charlotte U. Flemming, Springfield, for Plaintiff-Appellee

### OPINION

Defendant, Virginia Louise Thompson (Mother), appeals the order of the circuit court awarding custody of the parties' two minor children to plaintiff, Charles Kenneth Branch (Father).

Mary Frances Branch and Elizabeth Louise Branch, the twin daughters of Virginia Louise Thompson and Charles Kenneth Branch were born on August 24, 1994.  On August 1, 1995, the Juvenile Court of Robertson County entered a consent decree finding that the children were dependent and neglected,  and that they suffered from shaken baby syndrome within a reasonable degree of medical certainty.  The juvenile court further found that Michelle Minnis, Ben Thompson, Virginia Thompson's minor son from a previous marriage, and Virginia Thompson each had sole access to the twins when the injuries occurred.  However, no determination was made as to who caused the injury.    Upon a finding that Virginia Thompson posed no threat to the safety of the

children, custody of the children was immediately returned to Mother. The consent decree provided in pertinent part:

> 3. Virginia Thompson will closely monitor contact between her son, Ben Thompson, and her daughters, Mary F. Branch and Elizabeth L. Branch. Ben Thompson will continue in therapy for so long as his mother and therapist deem this appropriate. Ben Thompson will not be permitted unsupervised access to the children.

> 4. The Department of Human Services and Virginia Thompson jointly agree to supervise any child care arrangements made by Virginia Thompson. The Department of Human Services shall be responsible to inform Ms. Thompson of any adverse knowledge it gains concerning any child care provider for the children and will take reasonable precautions to assure the safety of the children at any licensed day care facility. The Department of Human Services will make visits with the regular child care provider at least quarterly in order to comply with this provision. Virginia Thompson will seek the advice of a DHS Social Worker any time she has any suspicion that the girls are being either neglected or abused. The DHS will monitor the family for a period of one year from the date of this decree.

The juvenile court's consent decree contains a hand written addition by Judge Glover, who signed the decree, which reads:

> 7. The Mother, Virginia Thompson, is not to remove the aforesaid minor children from the State of Tennessee until a final hearing is held in pending divorce action.

Mother and Father were divorced pursuant to a divorce decree entered October 21, 1996 by the Robertson County Circuit Court. Sole care, custody, and control of the minor children, Mary and Elizabeth, was granted to Mother. On March 3, 1998, Mother filed a petition for contempt alleging that Father failed to pay child support of $570.00 per month and medical expenses as ordered by the final decree of divorce. In her petition, Mother also sought a judgment in the amount of $2,500.00 for furniture which she alleged Father allowed to ruin.
Father filed an answer and counter petition denying that he was in contempt of court and averring that since the entry of the final decree of divorce, there had been a substantial and material change of circumstances which justified reducing child support. Father further averred that since the entry of the final decree of divorce, there had been substantial and material changes of circumstance such that a change of sole custody from Virginia Thompson to Charles Branch is in the best interests of the minor children. Father alleged specifically that Mother continued to allow Ben Thompson unrestricted access to the children in direct violation of the juvenile court's consent decree of August 1, 1995.

A trial on the merits was held on August 13, 1998. Mother testified that she lived in Nashville and was employed with the Robertson County Board of Education as a teacher. She stated that the children exhibited abnormal behavior after their visits with Father, who resides in Port St. Joe, Florida Father testified that he complained to DHS because Mother continued to allow Ben Thompson to remain unsupervised with the minor children, in violation of the consent decree issued by Robertson County Juvenile Court. Father testified that he requested a change in custody because Mother had shown a strong desire to prevent him and his family members from seeing the children. Father also testified that he felt that the children's health and safety were being jeopardized and that his family could provide a more nurturing environment. He stated that he was concerned that the children would be abused by the perpetrator that abused them before.

On October 16, 1998, the court entered an order incorporating the court's finding of facts, as stated from the bench, which found a material change of circumstance and changed sole custody of the children from Mother to Father. The court further ordered that Mother pay child support to Father in the amount of $659.00 per month, except during her summer visitation period. The court did not find Father in contempt for non-payment of the medical expenses paid by Mother, because of her failure to establish the expense. The court ordered Mother to provide major medical insurance for the minor children and ordered that the parties split any expenses not covered. Father was awarded a judgment of one-half of his entire attorneys fee in the cause, in the amount of $1,732.50. Father was ordered to pay Mother $300.00 per month toward his back due child support obligation of $3,210.00, with accrued simple interest at the rate of 12% per annum beginning September 1, 1998. It is from this order that Mother appeals, raising five issues for review as stated in her brief:

I.      Whether the trial court lacked subject matter jurisdiction to make a custodial determination.
II.     Whether the trial court abused its discretion in awarding custody to the father in view of mother's bundle of custodial rights which operate against third persons.
III.    Whether the trial court abused its discretion in its apparent punitive change of custody decree from Mother to the Father.
IV.     Whether the trial court abused its discretion in failing to conduct a comparative fitness analysis and/or to apply T.C.A. § 36-6-106.
V.      Whether the trial court erred in and/or abused its discretion in failing to include Father's deposition in the record in this appeal.

We address only issue I herein, as our ruling on that issue renders issues II - V moot. This issue is controlled by T.C.A. § 37-1-103 (Supp. 1999) which provides in pertinent part:

**37-1-103. Exclusive original jurisdiction.** - (a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:

(1) Proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic

offense as defined in § 37-1-146;

*    *    *

(c) When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until a person reaches the age of eighteen (18), except that the court may extend jurisdiction for the limited purposes set out in § 37-1-102(b)(4)(B) until the person reaches the age of nineteen (19).

*    *    *

Although a child custody decree in a divorce case remains in the control of the divorce court and subject to later modification by virtue of T.C.A. § 36-6-101 (Supp. 1999), the statute explicitly states:

**36-6-101. Decree for custody and support of child - Enforcement - Juvenile court jurisdiction - Presumption of parental fitness - Educational seminars.**

*    *    *

(c) Nothing in this chapter shall be construed to alter, modify or restrict the exclusive jurisdiction of the juvenile court pursuant to § 37-1-103.

*    *    *

In *State of Tennessee Dept. of Human Services v. Gouvitsa*, 735 S.W.2d 452 (Tenn. Ct. App. 1987), this Court held that after a petition is filed in juvenile court to declare children dependent and neglected, the juvenile court has exclusive jurisdiction regarding the custody of the children and any subsequent order concerning custody entered by the court having jurisdiction over the original divorce proceeding is void. To the same effect, *see Kidd v. State ex. rel Moore*, 207 Tenn. 244, 338 S.W.2d 621 (1960) and *Marmino v. Marmino,* 34 Tenn. App. 352, 238 S.W.2d 105 (1950).

Father asserts that the juvenile court matter was fully disposed of by entry of the consent decree; therefore, the juvenile court no longer had the exclusive subject matter jurisdiction to make the custody determination. We must respectfully disagree. In *Green v. George*, 99 WL 252710 (Tenn. Ct. App. 1999), this Court stated:

Section 37-1-103 sets forth only one manner by which the juvenile court's exclusive jurisdiction may be relinquished, that being the child's attainment of the age of majority. *See* Tenn.Code. Ann. § 37-

1-103(c).

*Id.* at **4.

Father next asserts that the juvenile judge, by adding the handwritten paragraph in his ordered, expressly deferred subject matter jurisdiction to the trial court. We must respectfully disagree. Virtually the same argument was made before this Court in *Hicks v.Hicks*, 1994 WL 108896, No. 01A01-9309-CH-00417 (Tenn. Ct. App. 1994), where the father asserted that the order transferring the case for consolidation with the chancery court proceeding constituted the consent of the juvenile court for the chancery court to take jurisdiction. In response to the father's assertion, we said:

> This precise question was addressed by the court in *Simpkins v. Greer*, No. 01A-01-9202-CH0060, 1993 WL 18311 (Tenn. App. M.S. jan. 29, 1993). In *Greer*, Judge Cantrell, speaking for the Court, said:
>
>> It is clear that *the parties* cannot confer subject matter jurisdiction on the court by consent. *See Curtis v. Garrison,* 211 Tenn. 339, 346, 364 S.W.2d 933, 936 (1963); *James v. Kennedy*, 174 Tenn. 591, 595, 129 S.W.2d 215, 216 (1939). We think it is equally clear that *a court* cannot confer subject matter jurisdiction on another court. Tenn. Const. art. 6, § 1 grants the legislature the power to determine how many and what kinds of courts are required for the administration of justice and the power to fix the limits of each court's jurisdiction. *See State ex rel. Ward v. Murrell,* 169 Tenn. 688, 692, 90 S.W.2d 945, 946 (1936). Courts possess "only such jurisdictional powers as are directly, or indirectly, expressly or by implication, conferred upon [them] by the constitution or legislation of the sovereignty on behalf of which [they] function." 20 Am.Jur.2d Courts § 91 (2d ed.1965); see also *Coonradt v. Sailors*, 186 Tenn. 294, 305, 209 S.W.2d 859, 863 (1948); *McHenry's Lessee v. Wallen,* 10 Tenn. 441, 444 (1830). (Emphasis in original).
>
> *Simkins,* 1993 WL 18311 at *3.

*Hicks,* WL 108896 *2 (Tenn. Ct. App. 1994).

The Robertson County Circuit Court has no jurisdiction over the issue of custody of the children; therefore, the order appealed from as it deals with custody is void. *State of Tennessee Dept. of Human Services v. Gouvitsa*, 735 S.W.2d 452, 457 (Tenn. Ct. App. 1987).

Accordingly, the order as it deals with custody and the obligations imposed upon Mother as the noncustodial parent is vacated. The previous order of the circuit court establishing the obligations of Father as the noncustodial parent shall remain in effect. The case is remanded to the

circuit court for such further proceedings as are necessary. The question of custody remains in the Juvenile Court of Robertson County. Costs of appeal are assessed against the appellee, Charles Kenneth Branch.