| State of Tennessee, Department of Human Services, | ) | |
|---|---|---|
| | ) | |
| Petitioner/Appellee, | ) | Appeal No. |
| v. | ) | 01-A-01-9704-JV-00171 |
| Sylvia Fetterolf Ford, | ) | |
| Respondent/Appellant, | ) | |
| and | ) | |
| Stanley Fetterolf, | ) | Juvenile Court No. |
| Respondent/Appellant, | ) | 215 |
| In the Matter of: | ) | |
| Stanley James Fetterolf, D.O.B. 7-17-81 | ) | |
| Teresa Diane Fetterolf, D.O.B. 7-26-82 | ) | |
| David Michael Fetterolf, D.O.B. 9-20-84 | ) | |
| Daniel Wayne Fetterolf, D.O.B. 11-06-85 | ) | |
| John Mark Wayne Fetterolf, D.O.B. 5-28-88 | ) | |
| Samuel Swayne Fetterolf, D.O.B. 4-05-90 | ) | |
| Daniela Jordan Fetterolf, D.O.B. 4-15-92 | ) | |

FILED

November 14, 1997

Cecil W. Crowson
Appellate Court Clerk

## COURT OF APPEALS OF TENNESSEE

## MIDDLE SECTION AT NASHVILLE

## APPEAL FROM THE PUTNAM COUNTY JUVENILE COURT

## AT COOKEVILLE, TENNESSEE

## THE HONORABLE JOHN HUDSON, JUDGE

SAMUEL L. HARRIS
P.O. Box 873
Cookeville, Tennessee 38503
        ATTORNEY FOR RESPONDENT/APPELLANT

RANDY S. CHAFFIN
100 S. Jefferson Avenue
Cookeville, Tennessee 38501
        ATTORNEY FOR RESPONDENT/APPELLANT

JOHN KNOX WALKUP
Attorney General & Reporter
DOUGLAS EARL DIMOND
Assistant Attorney General
General Civil Division
2nd Floor Cordell Hull Bldg.
425 5th Avenue North
Nashville, Tennessee 37243-0499
        ATTORNEY FOR PETITIONER/APPELLEE

## REVERSED AND REMANDED

WALTER W. BUSSART, JUDGE

This is an appeal by respondents/appellants, Stanley Fetterolf and Sylvia Fetterolf Ford, from a decision of the Putnam County Juvenile Court terminating their parental rights. Ms. Ford argues petitioner/appellee, State of Tennessee Department of Human Services ("Department"), filed its petition for termination of parental rights in the wrong court and contends the proper venue was the Overton County Juvenile Court which had handled the initial custody proceedings.[1] The pertinent facts are as follows.

The Overton County Juvenile Court initially handled all of the proceedings surrounding this matter. The Overton court filed an order on February 23, 1995 allowing the Department to remove the seven Fetterolf children from their home and granting the Department temporary care and custody. Prior to the removal, Mr. Fetterolf sexually abused the eldest daughter and physically abused at least three of his sons. Ms. Ford knew of the abuse, but did nothing to prevent it. In addition, Venessa Farris, a social counselor with the Department, described the Fetterolf household as follows: "There was trash everywhere, clothes thrown. The kids didn't have beds to sleep in, they were in the floor. It smelled. It was bad." (TE 103). The Department filed a petition for temporary custody on February 23, 1995. The Overton court filed a consent decree as to Ms. Ford on April 17, 1995. The decree allowed the Department to retain temporary legal custody of the children. The Department prepared plans of care for Mr. Fetterolf and Ms. Ford to follow in order to regain custody of their children. The Overton court ratified and approved these plans. On February 15, 1996, the Overton Court entered a nunc pro tunc order disposing of the Department's petition for temporary custody. The court found the seven children were dependant and neglected and ordered the Department to retain temporary legal custody.

The Department filed a petition for termination of parental rights in the Putnam County Juvenile Court on March 8, 1996. The petition alleged the following:

III.
The Defendant, Sylvia Ford Fetterolf, has not complied with the

---

[1] We are unaware of Mr. Fetterolf's argument as he failed to file a brief.

provisions of the foster care plan . . . . Visitation is the only provision in her foster care plan that she has complied with. She has not completed counseling, she has not obtained safe and suitable housing and has not demonstrated an ability to properly parent the children or provide for their financial needs.

Sylvia Ford Fetterolf was advised on February 24, 1995 that failure to comply with the foster care plan was grounds for termination of parental rights.

The Defendant, Stanley Fetterolf, has not complied with the provisions of the foster care plan . . . . He has not complied with any provision of the plan. He has not entered into any sex offender treatment program. He has not attended counseling.

(Rec. p.34). Mr. Fetterolf filed an answer in which he asserted certain affirmative defenses including improper venue.[2] The Department responded to Mr. Fetterolf's defenses. Specifically, the Department argued Tennessee Code Annotated section 36-1-113(d)(4)(A) provided that the Putnam County Juvenile Court was the proper court because the children lived in Putnam County at the time the Department filed the petition. To support its contention, the Department attached an affidavit from Ms. Farris stating that the children were living in Putnam County on March 8, 1996.

The Honorable John Hudson of the Putnam County Juvenile Court heard the case on December 12, 1996. Prior to the testimony, Mr. Fetterolf's counsel restated his venue defense, and Ms. Ford's counsel argued in support of the defense. Mr. Fetterolf contended that the venue was improper under Tennessee Code Annotated section 36-1-113(d)(4) and that this section violated Appellants' due process rights. The court responded: "Well, the statute is clear on its face. It may be unconstitutional, but that's something that I'm not going to rule on today. That's something you'll have to take up on appeal." (TE p. 11) At the close of the evidence, Mr. Fetterolf and Ms. Ford objected once again to venue. The court agreed to take the motion under advisement.

The court filed its "Final Decree of Guardianship" on December 19, 1996. The court found there was clear and convincing evidence requiring the termination of Mr. Fetterolf's and Ms. Ford's parental rights. The court did not decide the venue issue. Thereafter, the parties filed their notices of appeal. Ms. Ford has presented two issues for this court's review. These are: 1) "Whether the State of Tennessee proved venue"

---

[2] Although the answer is not in the record, there is other evidence that Mr. Fetterolf filed an answer containing the improper venue defense. First, the Department filed an answer to the affirmative defenses, and second, the transcript contains statements from Mr. Fetterolf's attorney that he filed an answer and alleged improper venue.

and 2) "Whether venue unilaterally determined by the State of Tennessee violates the due process of law guaranteed by the United States Constitution." We believe The Putnam county juvenile Court lacked jurisdiction to terminate the Appellants' parental rights.

Before addressing the jurisdictional issue, however, we note two important considerations. First, a determination of Ms. Ford's first issue would be difficult given the lack of substantive evidence. To explain, Tennessee Code Annotated section 36-1-113(d)(4) provides where a petition for the termination of parental rights may be filed. Petitioners here proceeded under subsection (A). This subsection provides: "The petition, if filed separately from the adoption petition, may be filed: (A) In the court of the county where the child currently resides in the physical custody of the petitioner(s) . . . ." TENN. CODE ANN. § 36-1-113(d)(4)(A) (Supp. 1997). The evidence in this case is vague with regard to where these children were currently residing. Teresa Fetterolf, the eldest daughter, testified as follows:

> Q. Miss Fetterolf, you're currently residing with this lady and her husband, your foster parents, in Livingston?[3]
> A. Yes

There is evidence from the affidavit of Ms. Farris, the social counselor, that the children resided in Putnam County when the Department filed the petition. The affidavit stated: "On March 8, 1996, all of the children who are the subject of this petition resided in Putnam County." Ms. Farris also testified as follows: "This is the only foster care they've gotten. They got this home when they'd been moved. [The foster mother] stays at home and works with the children. . . . Now they are in an old farmhouse in Overton County that has been remodeled." There was testimony from Margaret Wharton[4] that she had seen the children in Cookeville[5] and Livingston. We believe the legislature's prescription of the "currently reside" standard for the filing of the petition intended to require the filing of the petition where the children and the foster parents intended to reside. It appears in this case that county was Overton County. There is evidence the children and the foster parents lived there before and after the filing of the petition. Moreover, there is no evidence explaining why the

---

[3] Livingston, Tennessee is located in Overton County.

[4] Margaret Wharton is an employee of Plateau Mental Health Center protective services division. She treats abuse victims and does parenting. Ms. Wharton counseled Ms. Ford and six of the Fetterolf children for the State.

[5] Cookeville, Tennessee is located in Putnam County.

children and foster parents moved to Putnam County for a short time. In any event, there is insufficient evidence to prove the children resided in Putnam County except temporarily. In fact, the greater weight of the evidence is that their residence was in Overton County.

The second, more important consideration in this case is that of Appellants' due process rights. Tennessee's courts have found as follows:

> These cases deal with delicate, far reaching issues that are best decided quickly and finally. Regrettably, the present statutory scheme for dealing with these issues invites delay, and every day that passes makes a final decision more difficult and more painful to all involved.
> "There is no shortage of victims in this case. . . . But Ms. McCloud and the Nash-Putnams are victims as well. Like the child, they have been victimized by . . . statutes creating hazy jurisdictional boundaries that permit judge shopping and delay, and discordant judicial attitudes concerning the best interests and rights of all the parties.

*Nash-Putnam v. McCloud*, 921 S.W.2d 170, 173 (Tenn 1996) (quoting *In re McCloud*, No. 01-A-01-9212-CV00504, 1993 WL 194041, at *5 (Tenn. App. 1993) (Koch, J.)). "Tennessee courts have historically held that, '[a] parent is entitled to the custody, companionship, and care of the child, and should not be deprived thereof except by due process of law." *In re Adoption of Female Child*, 896 S.W.2d 546, 547 (Tenn. 1995) (quoting *State ex rel. Bethell v. Kilvington*, 100 Tenn. 227, 236 45 S.W. 433, 435 (1898)) (quoted in *Nash-Putnam*, 921 S.W.2d at 174). "Parents . . . have a fundamental liberty interest in the care and custody of their children under both the United States and Tennessee Constitutions" *Nale v. Robertson*, 871 S.W.2d 674, 678 (Tenn. 1994) (citing *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct 1208, 31 L. Ed. 2d 551 (1972) and *Hawk v. Hawk*, 855 S.W.2d 573 (Tenn. 1993)) (quoted in *Nash-Putnam*, 921 S.W.2d at 174). "'[A] parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child. Only then may a court engage in a general 'best interest of the child' evaluation in making a determination of custody." *Petrosky v. Keene*, 898 S.W.2d 726, 728 (Tenn. 1995) (quoting *In re Adoption of Female Child*, 896 S.W.2d at 547-48) (quoted in *Nash-Putnam*, 921 S.W.2d at 175). We hold a strong preference for venue in the "home county" for proceedings to terminate parental rights.

Finally, we come to the jurisdiction question. It is the opinion of this court that the Putnam County Juvenile Court lacked jurisdiction because the jurisdiction of the Overton County Juvenile Court had attached for the purposes of dealing with these children.

> The jurisdiction of the court entertaining delinquency or dependency proceedings is continuing, to the exclusion of any other court of concurrent jurisdiction, and except as jurisdiction may be relinquished in accordance with statute, once a juvenile court has entertained jurisdiction over a child that court must take affirmative action to dispose of the case in one of the ways provided by statute before jurisdiction can terminate.

*State of Tenn. Dep't of Human Servs. v. Gouvitsa*, 735 S.W.2d 452,455-56 (Tenn. App. 1987) (quoting 43 C.J.S. *Infants* § 53 (1978)). There are no statutes specifically providing for the termination of jurisdiction in the juvenile court. The statutes define a child as a person under eighteen years of age. *See* TENN. CODE ANN. § 37-1-102 (b)(4)(A) (1996). Case law provides that the juvenile court's jurisdiction shall continue until the child reaches the age of majority. *See Kidd v. State*, 207 Tenn. 244, 252, 338 S.W.2d 621, 625 (Tenn. 1960). We are of the opinion that the best forum in most circumstances is the forum which determined the children were dependant and neglected and granted temporary custody to the Department. Although there may be exceptions, that would be the most reliable forum.[6] From all of this we find and conclude that the proper venue in this case was the Overton County Juvenile Court. The Overton court's order of temporary custody to the Department is still a valid order pending further proceedings in that court and subject to the Department filing an action there. In addition, the order of the Putnam County Juvenile Court is void for lack of jurisdiction. *See Gouvitsa*, 735 S.W.2d at 457.

Therefore, it follows that the decision of the trial court is reversed and remanded. On remand, the court shall enter an order dismissing the Department's petition for lack of jurisdiction. Costs on appeal are taxed against the petitioner/appellee, the State of Tennessee Department of Human Services.

---

[6] The juvenile courts have exclusive original jurisdiction in dependancy and neglect proceedings. *See* TENN. CODE ANN. § 37-1-103(a)(1) (Supp. 1997). The juvenile courts have concurrent jurisdiction with the chancery and circuit courts to terminate parental or guardianship rights. *See id.* 36-1-113(a); 37-1-104(c).

_____
WALTER W. BUSSART, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION

AT NASHVILLE



**FILED**

**February 6, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

STATE OF TENNESSEE, DEPARTMENT )
OF HUMAN SERVICES, )
    )
    Petitioner/Appellee, )
    )   Appeal No.
v. )   01-A-01-9704-JV-00171
    )
SYLVIA FETTEROLF FORD, )   Putnam Juvenile
    )   No.  215
    Respondent/Appellant, )
and )
STANLEY FETTEROLF, )
    )
    Respondent/Appellant, )
In the Matter of: )
Stanley James Fetterolf, DOB    07/17/81  )
Teresa Diane Fetterolf, DOB    07/26/82  )
David Michael Fetterolf, DOB    09/20/84  )
Daniel Wayne Fetterolf, DOB    11/06/85  )
John Mark Wayne Fetterolf, DOB  05/28/88  )
Samuel Swayne Fetterolf, DOB   04/05/90  )
Daniela Jordan Fetterolf, DOB   04/15/92  )

# O R D E R

The State of Tennessee filed a petition to rehear in the above styled case on November 24, 1997.  The State contends this court should rehear the case pursuant to Rule 39 of the Tennessee Rules of Appellate Procedure.  Specifically, it contends our decision 1) conflicts with existing case law, 2) conflicts with a principle of law, and 3) overlooks a material fact upon which the parties were not heard.  It is the opinion of this court that the motion is not well taken and, therefore, should be denied.

1.

The State argues the holding in *State Dep't of Human Servs. v. Tate,* No. 01-A-01-9409-CV-00444, 1995 WL 138858 (Tenn. Ct. App. 1995), conflicts with our decision in the present case. This argument is without merit.  In *Tate*, the juvenile court determined the children were dependent and neglected, and the circuit court of the same county terminated the parental rights.  On appeal, the defendant argued the circuit court lacked subject matter jurisdiction because the juvenile court issued a decision in the dependancy and neglect case.  This court held that the circuit court had jurisdiction and stated:  "To preclude the circuit court from exercising jurisdiction over termination of parental rights proceedings on the basis of a previous finding of dependency and neglect would frustrate the clear legislative intent of Tennessee Code Annotated section 37-1-104(c)." *Tate*, 1995

WL 138858, at *3. This reasoning does not, however, apply to the facts of the instant case. To explain, Tennessee Code Annotated section 37-1-104(c) provides that circuit, chancery, and juvenile courts shall have concurrent jurisdiction to terminate parental rights. Tenn. Code Ann. § 37-1-104(c)(1996). This court noted in *Tate* that the defendant's position would, in essence, abolish the circuit court's concurrent jurisdiction. Our holding here in no way affects the jurisdiction of either the circuit or chancery courts since the case here involves two juvenile courts, not a juvenile and circuit or chancery court. Moreover, our decision conforms to the holding in *State Dep't of Human Servs. v. Gouvitsa*, 735 S.W.2d 452, 455-56 (Tenn. Ct. App. 1987) as discussed in our opinion. Finally, we note that in deciding this case we have addressed an issue very different from that addressed by the court in *Tate*.

2. and 3.

Our decision in this case rests on the jurisdictional issue, not venue. That portion of the opinion relating to venue simply stated that the court could not determine the venue issue given the conflicting testimony and that due process rights favor a petitioner bringing a termination proceeding in the county in which the parents and the children made a home before the petitioner instituted the court proceedings. As to the jurisdictional issue, this court held that the Putnam County Juvenile Court lacked jurisdiction because the Overton County Juvenile Court's jurisdiction had attached and continued. Because the State's second and third arguments apply to the venue issue  it is not necessary for the court to address them.

Therefore, it follows that the petition to rehear is denied and the costs are taxed to the petitioner/appellee, State of Tennessee, Department of Human Services.

ENTER:_____

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WALTER W. BUSSART, JUDGE