# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### June 21, 2001 Session

## CHRISTOPHER JAMES FARLEY v. CAROLLE ANN FARLEY

**A Direct Appeal from the Chancery Court for Crockett County**
**No. 7369      The Honorable George R. Ellis, Judge**

---

### No. W2000-01987-COA-R9-CV - Filed July 20, 2001

---

This appeal involves a change of custody motion filed by Mother in the chancery court which had previously entered a divorce decree awarding joint custody of the minor child, with primary physical custody with Father.  The chancery court dismissed the motion, holding that it had no jurisdiction to hear a change of custody motion by virtue of a previously filed petition in juvenile court to declare the child dependent and neglected, which petition was dismissed by the juvenile court.  Mother was granted an interlocutory appeal.  We vacate and remand.

**Tenn.R.App.P. 9; Interlocutory Appeal; Judgment of the Chancery Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and ROBERT L. CHILDERS, SP.J., joined.

Middlebrooks & Gray, Jackson, For Appellant, Carolle Ann Farley

No appearance by appellee.

## OPINION

Appellee, Christopher James Farley (Father), and appellant, Carolle Ann Farley (Mother), were divorced by decree entered November 5, 1997, and were granted joint custody of their minor child with primary physical custody given to Father.

On January 5, 2000, Mother filed a "Petition for Temporary Custody Based Upon Dependent and Neglected Child" in the Juvenile Court of Gibson County, Tennessee.  After a hearing on January 18, 2000, the juvenile court found that there was no probable cause for determination of dependency or neglect and, on February 2, 2000, entered an order dismissing Mother's petition and ordered custody of the child back to Father.

On February 14, 2000, Mother filed a motion in the chancery court proceeding to change custody. Father filed a motion to dismiss the motion for lack of jurisdiction based upon this Court's opinion in *Green v. George*, No. 02A01-9711-CH-00279, 1999 WL 252710 (Tenn. Ct. App. 1999).

On August 2, 2000, the chancery court entered an order dismissing Mother's petition, which states:

> This cause came on to be heard on the 1st day of May 2000, before the Honorable George R. Ellis, Chancellor, upon Defendant's Motion to Dismiss, Statements of Counsel, and the entire record herein; from all of which the Court finds:
>
> 1. That in accord with the Green v. George Court of Appeals, Appeal No. 02A01-9711-CH-00279 (1999) decision, Plaintiff's Motion to Dismiss Defendant's Motion to Change Custody is well taken and hereby granted.
>
> 2. That the issue of visitation raised in Plaintiff's Counter-Petition shall be addressed in the Court which determines the issue of custody.
>
> 3. That this Honorable Court retains jurisdiction over the issue of child support raised in Plaintiff's Counter-Petition.
>
> ALL OF WHICH IS SO ORDERED, ADJUDGED, AND DECREED, this 2nd day of August, 2000.

Mother was granted a Tenn.R.App.P. 9 interlocutory appeal, and the only issue for review is whether the trial court erred in dismissing the motion for change of custody.

The parties hereto were divorced by decree of the Chancery Court of Crockett County in November, 1977, and pursuant to T.C.A. § 36-6-101 (a)(1) (Supp. 2000) were awarded joint custody of the minor child of the parties, with the primary physical custody vested in Father. The chancery court decree remains within the control of the court for such changes or modifications as circumstances may require. *Id.* However, T.C.A. § 36-6-101 (c) provides:

> (c) Nothing in this chapter shall be construed to alter, modify or restrict the exclusive jurisdiction of the juvenile court pursuant to § 37-1-103.

Father asserted, and the trial court agreed, that the juvenile court has exclusive subject matter jurisdiction; thus, the chancery court had no jurisdiction to entertain Mother's motion.

T.C.A. § 37-1-103 (Supp. 2000) addresses the jurisdiction of the juvenile court and, as pertinent to the case before us, provides:

> **37-1-103. Exclusive original jurisdiction. -** (a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by the part:
>
> (1) Proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic offense as defined in § 37-1-146;
>
> *        *        *
>
> (c) When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until a person reaches the age of eighteen (18), except that the court may extend jurisdiction for the limited purposes set out in § 37-1-102(b)(4)(B) until the person reaches the age of nineteen (19).

The trial court specifically relied upon this Court's opinion in *Green v. George*, No. 02A01-9711-CH-00279, 1999 WL 252710 (Tenn. Ct. App. April 28, 1999), which stated in part:

> Based upon this statute [T.C.A. § 37-1-103 (Supp. 1998)], once a petition is filed in juvenile court to declare a child dependent and neglected, the juvenile court has exclusive jurisdiction regarding custody of the child, and any subsequent order concerning custody entered by the chancery court, which in this case is the court having jurisdiction over the original divorce proceeding, is void. *State v. Gouvitsa*, 735 S.W.2d 452, 457 (Tenn. Ct. App. 1987). *See also Arnold v. Gouvitsa*, 735 S.W.2d 458 (Tenn. Ct. App. 1987); *Kidd v. State ex rel. Moore*, 207 Tenn. 244, 338 S.W.2d 621 (1960); *Marmino v. Marmino*, 34 Tenn. App. 352, 238 S.W.2d 105 (1950).

*Id.* at \*\*4.

Admittedly, the language of the opinion indicates that the filing of a dependency and neglect petition deprives the chancery court of jurisdiction to hear a custody matter. Perhaps this is true until the petition is disposed of in the juvenile court, either by granting the petition, thus acquiring continuing jurisdiction, or by denying the petition and thus relinquishing jurisdiction. In *State v. Gouvitsa*, 735 S.W.2d 452 (Tenn. Ct. App. 1987), this Court said:

> The jurisdiction of the court entertaining delinquency or dependency proceedings is continuing, to the exclusion of any other

court of concurrent jurisdiction, and except as jurisdiction may be relinquished in accordance with statute, once a juvenile court has entertained jurisdiction over a child that court must take affirmative action to dispose of the case in one of the ways provided by statute before jurisdiction can terminate. Ordinarily, the jurisdiction of the court continues until the child reaches majority, or the age specified by statute. . . .

*Id.* at 455-56 (quoting 43 C.J.S. *Infants* § 53 (1978)).

In the instant case, the petition in the juvenile court was dismissed by the juvenile court prior to Mother filing the petition in the instant case. Thus, the juvenile court's exclusive jurisdiction, as provided by statute, does not attach. This precise question was answered by this Court in ***P.E.K. v. J. M. & C.Y.M.***, 2001 WL 356673, No. M2000-02737-COA-R10-CV (Tenn. Ct. App. April 11, 2001):

> We first address Ms. M.'s first argument that, because Mr. K. brought an earlier action in the juvenile court, that court has exclusive jurisdiction over matters involving that child. As Ms. M. correctly notes, Tenn.Code Ann. § 37-1-103(c) states: "When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until a person reaches the age of eighteen (18). . . ." She contends that, despite the juvenile court's dismissal of Mr. K.'s petition for custody, that court retained jurisdiction over Mr. K.'s paternity action based on his allegation in that petition that he was the child's father and his prayer that "the Court make inquiry into the allegations herein set forth." We cannot agree. That petition, entitled "Petition for Temp. Custody, " was dismissed by the juvenile court before the petition in this case was filed. ***Because the juvenile court dismissed the petition, exclusive jurisdiction over the matters alleged in it did not attach***. *See Carpenter v. Carpenter*, No. 133, 1989 WL 139721 at *2 (Tenn. Ct. App. Nov. 16, 1989) (no Tenn.R.App.P. 11 application filed). Thus, Mr. K.'s dismissed petition did not confer continuing jurisdiction on the juvenile court.

*Id.* at **5 (emphasis added).

Accordingly, the order of the trial court dismissing Mother's petition is vacated, and this case is remanded to the trial court for further proceedings as may be necessary. Costs of the appeal are assessed to appellee, Christopher James Farley.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-4-