BINGAMAN, COMMISSIONER OF REVENUE, ET AL. *v.* GOLDEN EAGLE WESTERN LINES, INC.

No. 520.   Argued March 5, 1936.—Decided March 30, 1936.

*Messrs. J. R. Modrall* and *Quincy D. Adams,* Assistant Attorneys General of New Mexico, with whom *Mr. Frank H. Patton,* Attorney General, was on the brief, for appellants.

*Mr. Ivan Bowen,* with whom *Mr. E. R. Wright* was on the brief, for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Appellee, a corporation organized under the laws of Delaware, is a common carrier operating a line of busses over the public highways of several states, including New Mexico, its business being limited to interstate transportation. It does no intrastate business in New Mexico, and expressly disclaims any intention of doing any such

business in the future. The busses are propelled by gasoline, which, so far as this case is concerned, is purchased in another state, placed in tanks attached to the busses, and transported and used exclusively in interstate commerce.

A statute of the state (Chapter 176, § 2, Session Laws of 1933) imposes "an excise tax of five cents (5¢) per gallon upon the sale and use of all gasoline and motor fuel." Section 3 of the act prohibits any "distributor" from importing, receiving, using, selling or distributing any motor fuel, unless such distributor is the holder of an uncancelled annual license issued by the state Comptroller. For the license a fee is exacted of $25 for each distribution station or place of business or agency. A "distributor," as defined by § 1 of the act, includes a corporation consuming and using in the state any motor fuel purchased in and brought from another state. For failure to comply with the statute penalties are incurred. The effect of the statute is to compel a common carrier engaged exclusively in interstate transportation to procure a license as a "distributor" and pay an excise tax upon the use of motor fuel purchased in, and brought from, another state and used only in such transportation.

By an act, passed in 1931, Laws 1931, c. 31, provision is made for refunding taxes collected upon the purchase of gasoline in certain specified quantities and used for other purposes than the operation of motor vehicles upon the streets and highways of the state

This suit was brought against appellants, state officers, to enjoin the threatened enforcement of the foregoing statutory provisions, together with the penal provisions connected therewith, on the ground, among others, that they constitute a regulation of interstate commerce in contravention of the commerce clause of the federal Constitution. The case was heard by the lower court, con-

sisting of three judges as the federal law requires, and a decree entered in accordance with the prayer of the bill.

The case turns upon the question whether the pertinent statutory provisions exact a charge as compensation to the state for the use of its highways, or impose an excise tax for the use of an instrumentality of interstate commerce. If the former, the tax should be sustained; if the latter, it clearly contravenes the commerce clause and must be held bad. *Helson and Randolph* v. *Kentucky,* 279 U. S. 245, and cases cited. The state supreme court has construed the provisions in *Geo. E. Breece Lumber Co.* v. *Mirabal,* 34 N. Mex. 643; 287 Pac. 699, and *Transcontinental & Western Air, Inc.* v. *Lujan,* 36 N. Mex. 64; 8 P. (2d) 103; and the court below, rightly concluding that it was bound by this construction,* thought that it settled the matter against the validity of the tax. With this view we agree.

The New Mexico decisions dealt with an earlier act, the terms of which, however, without material change, were carried forward into the act of 1933, with the result that the new act became a continuation of the earlier one. *Bear Lake Irrigation Co.* v. *Garland,* 164 U. S. 1, 11-14. Compare *Posadas* v. *National City Bank,* 296 U. S. 497. In the *Breece* case the state court held that the exaction was a general excise tax upon the use of all gasoline in the state, and that it was not imposed for the use of the state roads. The court considered the suggestion that the entire proceeds of the tax were devoted by law to the building and improvement of the state highways, but said that this would not alter the fact that the tax was not exacted for the privilege of using these highways. The *Lujan* case reached the same conclusion. The state

---

* *United States* v. *Kombst,* 286 U. S. 424, 426; *Frost Trucking Co.* v. *Railroad Comm'n,* 271 U. S. 583, 591–592.

court drew a sharp distinction between the excise tax on the sale and that on the use of gasoline, holding the first to be valid and the second to be repugnant to the commerce clause of the federal Constitution as applied to an interstate air carrier. Both cases definitely refused to accept the view that the tax was a charge for the use of the highways.

Appellants contend that the refund provisions of the later 1931 statute, *supra,* nevertheless, demonstrate that the state legislature intended that the excise tax now in question should constitute compensation for the use of the highways. But the so-called refund provisions apply only in the case of taxes collected upon the *purchase* of gasoline, not of taxes collected for its *use.* Moreover, the state court in the *Lujan* case, p. 74, considered a like contention and rejected it as without substance.

As applied to appellee, an interstate carrier doing no intrastate business of any description, § 3 of the act, which exacts license fees from distributors, is plainly invalid as imposing a direct burden upon interstate commerce. *Crutcher* v. *Kentucky,* 141 U. S. 47, 58-59; *International Textbook Co.* v. *Pigg,* 217 U. S. 91, 108-113.

*Decree affirmed.*