**DIXIE GREYHOUND LINES, Inc., v. McCARROLL, Commissioner of Revenues of Arkansas, et al.**

No. 2655.

District Court, W. D. Arkansas, E. D.

March 31, 1938.

Chandler, Shepherd, Owen & Heiskell, of Memphis, Tenn., for plaintiff.

Louis Tarlowski, of Little Rock, Ark., Sp. Counsel, and J. Hugh Wharton, of Little Rock, Ark., Counsel for Arkansas State Revenue Department, for defendants.

TRIMBLE, District Judge.

This suit, brought by Dixie Greyhound Lines, Inc., involves an attack upon the validity of Act 67, p. 194, of the General Assembly of the state of Arkansas for the year 1933, as impliedly amended by sections 22, 25, 27, and 28 of Act 11, pp. 54, 57, 58, of the 2d Extra Session of the General Assembly for the year 1934. The defendant is the duly appointed, qualified, and acting Commissioner of Revenues of the state of Arkansas, and, under the foregoing statutes, is duly authorized to collect and enforce payment of the tax involved in this controversy.

Act 67, p. 194, of 1933 provides that it shall be unlawful for any person to drive, or cause to be driven, over the highways of the state of Arkansas, any automobile carrying more than twenty gallons of gasoline in its tank, unless the state tax shall have first been paid thereon. The applicable sections of Act 11 of 1934, 2d Ex.Sess., commonly known as the Refunding Act, levy a tax of 6½ cents per gallon on all gasoline sold or used in the state of Arkansas, and provide the method and manner by which said tax shall be collected and paid.

Plaintiff is a common carrier engaged in transportation of persons, baggage, and light express, and in the conduct of its business operates a bus line from Memphis, Tenn., to Blytheville, Ark., Jonesboro, Ark., and to the Arkansas-Missouri line, over highway 61, en route to Saint Louis, Mo. The record reflects that each of these operations may be conducted by plaintiff with less than twenty gallons of gasoline, but plaintiff contends such operation is neither practical nor safe.

The court of last resort of the state of Arkansas, in its case of Sparling v. Refunding Board, 189 Ark. 189, 71 S.W.2d 182, has construed the gasoline taxing provisions of Act 11, p. 28, of 1934, 2d Ex.Sess., and has concluded that such tax is a privilege tax for the use of the highways, and has found that the Legislature of the state has declared the public policy of the state to be to tax all gasoline sold or used in the state for such purpose, in order to prevent fraud and imposition on the state in the sale or use of a comparatively negligible quantity for other purposes. This interpretation of the statute is binding upon this court. See Morehead v. New York, 298 U. S. 587, 56 S.Ct. 918, 80 L.Ed 1347, 103 A. L.R. 1445.

The record further shows that all funds collected by the state of Arkansas from the sale or use of gasoline are used for the purpose of building, maintaining, and repairing its system of state highways, and for the additional purpose of meeting and paying maturities and interest upon highway obligations heretofore issued, and that none of the funds thus collected go into, or become a part of, the general revenue fund of the state. See Act 11, p. 28, of 1934, 2d Ex.Sess.

It has now become a generally recognized principle of law that a state may lawfully tax interstate carriers using its highways for private gain; not for the privilege of engaging in interstate commerce, but as compensation to the state for the use of its highways, and more especially where the proceeds of such tax are, as in the instant case, used for the purpose of constructing and maintaining a highway system. See Sprout v. South Bend, 277 U.S. 163, 169, 48 S.Ct. 502, 72 L.Ed. 833, 836, 62 A.L.R. 45; Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Clark v. Poor, 274 U.S. 554, 47 S.Ct. 702, 71 L.Ed. 1199; Interstate Buses Corporation v. Blodgett, 276 U.S. 245, 48 S.Ct. 230, 72 L. Ed. 551; Hendrick v. Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385.

The plaintiff herein contends not that the tax thus levied by the state of Arkansas upon the sale and use of gasoline is confiscatory, but that to pay the tax would increase its costs of doing business, and thereby lessen its profit of operation, and that to purchase gasoline within the state of Arkansas is not practical nor safe to the traveling public. This contention is untenable. When the power to tax exists, the extent of the burden is a matter for the discretion of the lawmakers. Even if a tax should destroy a business, it would not be made invalid or require a compensation upon that ground alone. Those who enter upon a business take that risk. See Fox v. Standard Oil Company of New Jersey, 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780; Magnano Company v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109.

The Supreme Court of the United States, in the recent case of Bingaman v. Golden Eagle Western Lines, 297 U.S. 626, 56 S.Ct. 624, 80 L.Ed. 928, had occasion to pass upon a question not unlike that herein involved. That case involved an attack upon a statute of the state of New Mexico, levying an excise tax of 5 cents per gallon upon the sale and use of gasoline and motor fuel oil. The bus company involved operated a line of busses in interstate commerce, over the highways of the state of New Mexico, with gasoline purchased in another state. It refused to pay the New Mexico tax, and brought a suit to restrain the enforcement of the statute, contending that it violated the Commerce Clause of the Federal Constitution.

The Supreme Court, in passing upon this contention, used the following language: "The case turns upon the question of whether the pertinent statutory provisions exact a charge as compensation to the state for the use of its highways, or impose an excise tax for the use of an instrumentality of interstate commerce. If the former, the tax should be sustained; if the latter, it clearly contravenes the commerce clause and must be held bad."

Applying the foregoing test to the statutes involved in the case at bar, the conclusion is reached that the statutes under attack are constitutional and valid, and constitute a valid and proper exercise of the taxing authority of the state of Arkansas. See, also, Clyde Mallory Lines v. State of Alabama, 296 U.S. 261, 56 S.Ct. 194, 80 L.Ed. 215; Morf v. Bingaman, 298 U.S. 407, 56 S.Ct. 756, 80 L.Ed. 1245; Bowman v. Continental Oil Company, 256 U.S. 642, 41 S. Ct. 606, 65 L.Ed. 1139.

Plaintiff insists that the case of Helson v. Kentucky, 279 U.S. 245, 49 S.Ct. 279, 73 L.Ed. 683, is decisive of the issues involved in this case. A careful reading and analysis of that case discloses a striking dissimilarity between the situation obtaining in that case and in the case at bar. In that case, the state of Kentucky en-

deavored to collect a tax upon the gasoline used by a ferryboat operating on a river. The question of state-owned facilities or state-owned highways was not in any manner involved. The question of the use of public property by an interstate carrier for private gain was not an issue in the case. In the instant case, state-owned facilities, consisting of many miles of improved highways, built and maintained at an enormous expense, and used by a common carrier for private gain, is directly involved. The proceeds of the tax involved are used directly and specifically for the purpose of keeping, in a state of repair, those highways which plaintiff uses in the daily conduct of its business. It is a rule of law, now firmly entrenched, that interstate commerce must pay its own way, and must pay for those facilities furnished it by the various states, provided such charges are reasonable and bear a fair degree of relationship to the facilities afforded; and no complaint is made in this instant case that the charges made by the state of Arkansas are neither reasonable nor fair.

█ Plaintiff further relies upon the fact that the gasoline used in the operation of its busses, over the highways of the state of Arkansas, has been previously taxed by the state of Tennessee. Unfortunately, this fact does not in any manner preclude the state of Arkansas from likewise exacting a tax for the use of its highways. If plaintiff chooses to purchase its gasoline within the state of Tennessee, rather than to purchase same within the state of Arkansas, this is a matter with which the courts are not concerned. It is a matter of business policy and business expediency which addresses itself solely to those in charge of the affairs of the plaintiff. Such a course of conduct can neither bind, nor prevent, the state of Arkansas from collecting, and from enforcing collection, of obligations legally due it, and such fact affords plaintiff no defense against the payment of the tax herein involved.

Since plaintiff has elected to bring into the state of Arkansas more gallons of gasoline than is permitted to be brought tax exempt, by the laws of the state of Arkansas, and since, under the interpretation of the statutes in controversy by the court of last resort of the state of Arkansas, such excess amount of gasoline is taxable, and the proceeds from such tax are devoted entirely to the expense of maintaining a highway system in this state, it is the opinion of the court that the acts under attack are constitutional and valid; and that the prayer for an injunction to enjoin the defendant from collecting such tax should be denied.

The relief prayed will be denied; the statutes in controversy will be held constitutional and valid; and appropriate findings of fact, conclusions of law, and decree, in accordance with this opinion, may be prepared.