IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

July 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 02-C-01-9609-CC-00314 |
| | ) | |
| | ) | Gibson County |
| v. | ) | |
| | ) | Dick Jerman, Jr., Judge |
| | ) | |
| | ) | (Custodial Interference) |
| BARRI GEORGE (GREEN) | ) | |
| AND CHARLIE GREEN, | ) | |
| | ) | |
| APPELLANTS. | ) | |

FOR THE APPELLANTS:

Bobby A. McGee
Attorney at Law
P.O. Box 327
Linden, TN 37096

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Deborah A. Tullis
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Clayburn L. Peeples
District Attorney General
109 East First Street
Trenton, TN 38382

Theodore H. Neumann
Assistant District Attorney General
109 East First Street
Trenton, TN 38382

OPINION FILED:_____

REVERSED AND DISMISSED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellants, Barri George (Green) and Charlie Green (defendants), entered pleas of guilty to the offense of custodial interference, a Class A misdemeanor. Two issues have been certified for review pursuant to Tennessee Rules of Appellate Procedure 3(b) and Tennessee Rules of Criminal Procedure 37(b)(2)(iv):

> 1. Whether the temporary restraining order issued by the Chancery Court of Gibson County on 9-15-95 at approximately 12:00 noon is void or voidable?
>
> 2. Whether or not at the time the temporary restraining order was issued by [the] Gibson County Chancery Court, the Gibson County Juvenile Court still retained exclusive jurisdiction over the custody of Samantha George?

The defendants contend the Chancery Court of Gibson County did not have jurisdiction to issue the temporary restraining order (TRO) which they allegedly violated. They argue the Juvenile Court of Gibson County had exclusive jurisdiction after the filing of a petition for dependency and neglect and the adjudication of the petition on the merits. The State of Tennessee contends the defendants did not violate the TRO because the TRO in question expired fifteen days after it was issued. Tenn. R. Civ. P. 65.03(5). However, the state argues the certified issues raised by the defendants are moot given the fact they did not violate the restraining order.

After a thorough review of the record, the briefs of the parties, and the law governing the certified issues, it is the opinion of this Court the defendants' convictions and sentences must be set aside and the prosecution against them dismissed. The Chancery Court of Gibson County did not have jurisdiction in this case and, thus, the TRO issued by the court was null and void.

## I.

Temporary restraining orders in civil cases are governed by the Tennessee Rules of Civil Procedure. Rule 65.03(5) states:

> Binding Effect and Duration. A restraining order becomes effective and binding on the party to be restrained at the time of service or when the party is informed of the order, whichever

1

is earlier. Every temporary restraining order granted without notice shall expire by its terms within such time after entry, not to exceed fifteen days, as the Court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period, or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record.

This portion of the rule is subject to exceptions. Tennessee Rules of Civil Procedure 65.07 provides:

Exceptions. The provisions of this Rule shall be subject to any contrary statutory provisions governing restraining orders or injunctions. In domestic relations cases, restraining orders or injunctions may be issued upon such terms and conditions and remain in force for such time as shall seem just and proper to the judge to whom application therefor is made, and the provisions of this Rule shall be followed only insofar as deemed appropriate by such judge.

The TRO in question was issued in a domestic relations case. It was the continuation of the initial divorce and custody litigation. The specific purpose of the pleadings filed by Lanny Dean George, the former husband of Barri George Green, was the custody of the couple's minor child. Thus, the TRO was in effect when the defendants committed the offense in question. The TRO issued by the chancellor on September 15, 1995, states it is to remain in effect "pending a final hearing in this cause." The parties agree no hearing had been held in the chancery court prior to the commission of the offense in question. Since the offense occurred in December of 1995, the TRO was still in effect pursuant to the domestic relations exception contained in Tenn. R. Civ. P. 65.07 if the TRO was valid. In short, the state's contention that the TRO had expired ignores the exception in Rule 65.07 regarding the domestic relations exception to the time constraints set forth in Rule 65.05.

The question this Court must now determine is whether the chancellor had jurisdiction to issue a TRO in this case after the filing and adjudication in juvenile court of a petition for dependency and neglect concerning the couple's child.

## II.

The record reflects Lanny Dean George and the defendant, Barri Jo George Green,

2

litigated the dissolution of their marriage, the custody of their child, and the distribution of the marital assets in the Chancery Court of Gibson County. Subsequently, a decree was entered dissolving the marriage, awarding the defendant custody of the minor child, and distributing the marital assets.

In 1993, Lanny Dean George obtained a TRO which placed the child in protective custody. Shortly thereafter, a petition to declare the child dependent and neglected was filed in the Gibson County juvenile court. The juvenile court granted the Department of Human Services legal custody of the child. However, the judge awarded Lanny Dean George physical custody of his daughter pending final resolution of the petition.

On May 8, 1995, the juvenile court judge heard evidence and decided the child was dependent and neglected within the meaning of the statute. On September 11, 1995, the juvenile court entered an order granting custody of the child to the defendant, Barri Jo George Green. The judge further ordered that Lanny Dean George would have the same visitation rights granted by the chancellor.

George, aggrieved that he did not receive custody of his daughter, filed a motion to (a) stay the judgment of the juvenile court and (b) modify the judgment of the juvenile court on September 15, 1995. He also filed a petition for change of custody and sought the granting of the TRO which the defendants were accused of later violating. The TRO was issued September 15, 1995 shortly after the petition was filed.

A juvenile court has exclusive original jurisdiction of proceedings "in which a child is alleged to be. . .dependent and neglected." Tenn. Code Ann. § 37-1-103(a)(1). Once the juvenile court has assumed jurisdiction in such matters, the juvenile court's "jurisdiction [in dependent and neglect cases] shall continue until [the child] reaches the age of eighteen (18)." Tenn. Code Ann. § 37-1-103(c). Thus, the appellate courts have held that neither a chancery court nor a circuit court has jurisdiction to enter a decree or judgment regarding custody of a minor child after a petition to declare the child in question dependent and neglected has been filed in the juvenile court or after the juvenile court has found the child to be dependent and neglected and awarded custody of the child. See Kidd v. State ex rel. Moore, 207 Tenn. 244, 338 S.W.2d 621 (1960); Arnold v. Gouvitsa, 735 S.W.2d 452 (Tenn. Ct. App.), per. app. denied (Tenn.1987); Department of Human

3

Serv. v. Gouvitsa, 735 S.W.2d 452 (Tenn. Ct. App.), per. app. denied (Tenn. 1987); Marmino v. Marmino, 34 Tenn. App. 352, 238 S.W.2d 105 (1950), cert. denied (Tenn. 1951).

The juvenile court attempted to transfer the proceedings to the chancery court after adjudicating the child was dependent and neglected. The appellate courts have held jurisdiction cannot be conferred to a chancery court or circuit court sua sponte or by consent of the parties. Hicks v. Hicks, Sumner County No. 01-A-01-9309-CH-00417 (Tenn. Ct. App., Nashville, March 30, 1994); Simpkins v. Greer, Cheatham County No. 01-A-01-9202-CH-00060 (Tenn. Ct. App., Nashville, January 29, 1993).

In the context of this case, the chancellor did not have jurisdiction to adjudicate the merits of the petition for a change of custody since this issue had been adjudicated by the juvenile court in the dependent and neglect proceedings. Consequently, the TRO which was issued based on the strength of the petition for change of custody was void. Department of Human Serv. v. Gouvitsa, 735 S.W.2d at 457. It follows the defendants could not be convicted of custodial interference of the TRO issued by the chancellor.

The convictions of the defendants and their respective sentences must be set aside. The prosecution against the defendants is dismissed.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE



_____
CURWOOD WITT, JUDGE


4