IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2002 Session

## WALTER FLETCHER v. DEANNA M. FLETCHER, ET AL.
## IN RE: K.B.F. and K.S.F.


**Appeal from the Circuit Court for Hawkins County**
**No. 10303      John K. Wilson, Judge**

**Appeal from the Juvenile Court for Hawkins County**
**No. HJ-99-0997      Herbert Holcomb, Judge**

**FILED MARCH 26, 2002**

**No. E2001-01223-COA-R3-JV**
**Consolidated**

---

This appeal concerns a custody dispute between the biological father, Walter Fletcher ("Father"), and the maternal grandparents, David and Debra Fleenor ("Grandparents"), of two minor children ("Children"). The Grandparents initiated this matter by filing a petition for emergency custody in juvenile court, essentially alleging that the Children were dependent and neglected. Thereafter, Father sought custody of the Children, but his petition was denied by the juvenile court. Father appealed the juvenile court order to circuit court in accordance with Tenn. Code Ann. § 37-1-159(a). The circuit court dismissed his appeal, holding it did not have jurisdiction. Father appeals both the juvenile court order and the circuit court order. We vacate the circuit court order and remand. Father's appeal of the juvenile court order is dismissed.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Appeal of the Judgment of the Juvenile Court Dismissed; Case Remanded.**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Douglas T. Jenkins, Rogersville, Tennessee, for the Appellant, Walter Fletcher.

Phillip L. Boyd, Rogersville, Tennessee, for the Appellees, David and Debra Fleenor.

## OPINION

## Background

The maternal Grandparents of the Children filed a Petition for Emergency Custody of the Children with the Juvenile Court in October 1999.[1] In their petition, the Grandparents stated they had kept the Children for the past month and that during that time, the Children's biological mother, Deanna Fletcher ("Mother"), had minimal contact with the Children. The Grandparents also alleged that Mother had moved to a new residence but had refused to tell them her new address. No mention of Father was made in the petition other than that Father resided in Kokomo, Indiana. The record on appeal shows the Children's biological parents previously were divorced and had joint custody of the Children.

On the same day the Petition for Emergency Custody was filed, the Juvenile Court entered an *ex parte* Emergency Custody Order, in which it granted the Grandparents' petition, finding that the Children were "in need of immediate emergency protection of this Court." The Juvenile Court entered two subsequent Orders holding that custody should remain with the Grandparents and granting Mother visitation.

The Juvenile Court entered a Temporary Order in March 2000 granting visitation to Father. Sometime before that, Father apparently requested that the Juvenile Court grant him custody of the Children. The technical record, however, contains no pleading from Father which preceded the Temporary Order. The Juvenile Court, in the Temporary Order, held that Father's request for custody would be reserved until April 2000. The Juvenile Court entered a second Temporary Order in April 2000, in which it again reserved the issue of Father's request for custody and granted Father visitation.

Mother filed an Intervening Petition for Child Custody in May 2000. Thereafter, the Juvenile Court held a hearing in May 2000, and entered an order in June 2000, regarding Mother's and Father's competing petitions for custody.[2] The Juvenile Court held in this order that the best interests of the Children would be served by leaving them in the custody of the Grandparents "at least until such time as a home study is presented to the Court."

Father filed a Petition in December 2000, in which he argued that both Mother and Grandparents were in contempt for non-compliance with the Juvenile Court's orders regarding

---

[1] The Petition for Emergency Custody was actually executed by the maternal grandmother, Debra Fleenor, only. This matter at the trial level and on appeal, however, involves both maternal Grandparents.

[2] The technical record on appeal does not contain a petition seeking custody filed by Father at this stage in the proceedings. Nevertheless, in the June 2000, Order, the Juvenile Court stated that, along with Mother's intervening petition for custody, it was adjudicating "Father's Petition for Custody."

Father's visitation and telephone access to the Children. Father also requested the Children be placed in his custody, or in the alternative, requested extended visitation at his home in Indiana. In response, Mother filed an Answer and Counter-Complaint in which she argued the Children would suffer substantial harm if placed in Father's custody and requested that the Children be placed in her custody.

The Juvenile Court held a hearing in March 2001, on Father's Petition and Mother's Answer and Counter-Complaint, and entered an Order ("Juvenile Court Order") in April 2001containing its findings. The Juvenile Court held in this order that custody of the Children should remain with the Grandparents and awarded visitation to Father and Mother. Despite receiving custody, the Grandparents had not filed any further pleadings since their Petition for Emergency Custody filed in October 1999.

Father timely filed an appeal from the Juvenile Court to the Circuit Court of Hawkins County ("Circuit Court"), arguing that his appeal to the Circuit Court was proper because the subject matter of the Juvenile Court Order was dependency and neglect. Thereafter, upon the oral motion of the Grandparents, the Circuit Court entered an Order ("Circuit Court Order") dismissing Father's appeal to Circuit Court. In the Circuit Court Order, the Circuit Court stated as follows:

> The Court finds that although this matter was originally instituted on a petition for emergency custody, the subject matter of the order from which the father appeals is custody, visitation and contempt, and therefore the appeal should be directly to the Court of Appeals.

Father appeals both the Circuit Court Order and, if necessary, the Juvenile Court Order.

**Discussion**

On appeal and although not exactly stated as such, Father raises the following issues: (1) whether the Circuit Court erred in dismissing his appeal of the Juvenile Court Order; and (2) if the Circuit Court properly dismissed Father's appeal of the Juvenile Court Order, whether the Juvenile Court erred in denying Father's petition for custody and awarding custody to the Grandparents without first finding the Children would suffer substantial harm if placed in Father's custody. The Grandparents do not raise any further issues on appeal. Mother is not participating in this appeal.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the Juvenile Court, unless the preponderance of the evidence is otherwise. Tenn. Rule App. P. 13(d); *Alexander v. Inman,* 974 S.W.2d 689, 692 (Tenn. 1998). The Juvenile Court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Ganzevoort v. Russell,* 949 S.W.2d 293, 296 (Tenn. 1997).

We first address Father's argument on appeal that the Circuit Court erred in dismissing his appeal of the Juvenile Court Order. Tenn. Code Ann. § 37-1-159 addresses the issue of jurisdiction for appeals from juvenile court and states, in pertinent part, as follows:

> (a) The juvenile court shall be a court of record; . . . and any appeal from any final order or judgment in [a] . . . dependent and neglect proceeding, filed under this chapter, may be made to the circuit court which shall hear the testimony of witnesses and try the case de novo.
> . . .
> (g) Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure. . . .

*See also* Tenn. R. Juv. P. 36(a) and (d) (providing procedure for *de novo* appeals to circuit court in accordance with Tenn. Code Ann. § 37-1-159(a)).

In Tennessee, juvenile courts have exclusive original jurisdiction over a minor child alleged to be dependent and neglected until the child reaches age eighteen except as otherwise provided by statute. Tenn. Code Ann. § 37-1-103(a)(1) & (c); *State Dep't of Human Serv. v. Gouvitsa*, 735 S.W.2d 452, 455-56 (Tenn. Ct. App. 1987); *State v. George*, 968 S.W.2d 896, 898 (Tenn. Crim. App. 1997).[3] Tenn. Code Ann. § 37-1-103(a)(1) provides, in pertinent part, as follows:

> (a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:
>
> > (1) Proceedings in which a child is alleged to be . . dependent and neglected. . . .

The Grandparents initiated this matter when they filed their Petition for Emergency Custody. The Grandparents did not state specifically in their petition that they were seeking a determination the Children were dependent and neglected as defined by Tenn. Code Ann. § 37-1-102(b)(12), nor does the Emergency Custody Order use this language. The substance of the Grandparents' petition, however, sets forth grounds for a finding that the Children were dependent and neglected. Their petition provided the Children had been staying with them for approximately one month and that Mother had minimal contact with the Children and had refused to provide the Grandparents with her new address. *See* Tenn. Code Ann. § 37-1-102(b)(12)(B), (F) & (G).[4]

---

[3] Tenn. Code Ann. § 37-1-103(c) provides that, in cases outlined by Tenn. Code Ann. § 37-1-103(a), which include dependency and neglect cases, the juvenile court's jurisdiction continues until the child at issue reaches age 18 "except that the court may extend jurisdiction for the limited purposes set out in § 37-1-102(b)(4)(B) until the person reaches the age of [19]."

[4] Tenn. Code Ann. §§ 37-1-102(b)(12)(B), (F) & (G), provide as follows:

(continued...)

Furthermore, the procedure followed by the Juvenile Court in granting the Grandparents' petition and conducting the hearing regarding the petition parallels the dependency and neglect procedure outlined by Tenn. Code Ann. § 37-1-130 and Tenn. R. Juv. P. 5(d)(1) and 6(c).[5] Accordingly, we

---

[4](...continued)

  (12) "Dependent and neglected child" means a child:

  (B) Whose parent, guardian or person with whom the child lives, by reason of cruelty, mental incapacity, immorality or depravity is unfit to properly care for the child;. . .

  (F) Who is in such condition of want or suffering or is under such improper guardianship or control as to injure or endanger the morals or health of such child or others;

  (G) Who is suffering from abuse or neglect. . . .

[5] Tenn. Code Ann. § 37-1-130 provides, in pertinent part, the following:

  (a) If the child is found to be dependent or neglected, the court may make any of the following orders of disposition best suited to the protection and physical, mental and mental welfare of the child: . . .

   (2) Subject to the restrictions of § 37-1-129(e), and subject to conditions and limitations as the court prescribes, transfer temporary legal custody to any of the following:

    (A) Any individual who, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child. . . .

Tenn. R. Juv. P. 5(d)(1) provides, in pertinent part, as follows:

  (d) PROCEDURES IN DEPENDENT AND NEGLECTED AND ABUSE CASES.

  (1) GROUNDS FOR EMERGENCY REMOVAL BY COURT ORDER. The juvenile court may, without formal hearing, order that a child be removed from the custody of the child's parent . . . pending further investigation and hearing, when the court finds that there is probable cause to believe that the conditions specified in T.C.A. § 37-1-114 exist and that the child is in need of the immediate protection of the court. However, any such findings and order shall be based upon a sworn petition or sworn testimony containing specific allegations.

Tenn. R. Juv. P. 6(c) provides, in pertinent part, as follows:

  (c) DEPENDENT AND NEGLECTED CASES. If a child alleged to be dependent and neglected is removed from the custody of the child's parent . . . prior to a hearing on the petition, a preliminary hearing shall be held no later than three (3) days excluding nonjudicial days but no longer than eighty-four (84) hours after the

(continued...)

hold this matter began as a dependency and neglect proceeding filed in accordance with Tenn. Code Ann. § 37-1-101, *et seq.*, whereby the Children became subject to the Juvenile Court's jurisdiction under Tenn. Code Ann. § 37-1-103(a)(1).

The technical record on appeal shows that after the Petition for Emergency Custody Order was filed, the matter evolved into a custody dispute between the Children's biological parents. In fact, the Juvenile Court Order that Father attempted to appeal *de novo* to Circuit Court primarily involved the Juvenile Court's determination of custody. Father contends the Circuit Court erred in dismissing his appeal of the Juvenile Court Order because this matter was instituted as a dependency and neglect case when the Grandparents filed their Petition for Emergency Custody. The Grandparents argue the Circuit Court correctly dismissed Father's appeal because the Juvenile Court Order was a custody matter and did not involve issues of dependency and neglect. The Grandparents contend the jurisdiction of Father's appeal of the Juvenile Court Order is governed by Tenn. Code Ann. § 37-1-159(g) and is, therefore, properly before this Court.

Whether the circuit court has jurisdiction to hear an appeal *de novo* of a final order from juvenile court where the order does not involve issues of dependency and neglect, but where the order originated out of dependency and neglect proceedings, is not clear from the applicable statute, Tenn. Code Ann. §§ 37-1-159(a) and (g). Neither of the parties have cited any authority besides Tenn. Code Ann. §§ 37-1-159(a) and (g) in support of their respective positions. Tenn. Code Ann. § 37-1-159(a) provides only that an appeal from a "final order or judgment in. . . [a] dependent and neglect proceeding, filed under this chapter . . ." may be made to circuit court to try the case *de novo*.

This Court addressed this issue in *In re McBee*, No. 88-129-II, 1988 Tenn. App. LEXIS 535, at * 6 (Tenn. Ct. App. Aug. 24, 1988), *no appl. perm. app. filed.* In *In re McBee*, this Court held the circuit court erred in dismissing the biological father's appeal *de novo* of the juvenile court's final order regarding his petition for custody. *Id.* The minor child at issue was alleged to be dependent and neglected in a petition filed in juvenile court by the Department of Human Services. *Id.*, at * 1. The child's biological parents were previously divorced, and the child's biological mother had been awarded custody of the child. *Id.*, at * 1-2. After the hearing on DHS's petition at which the juvenile court apparently determined the issue of dependency and neglect, the biological father and mother both filed petitions seeking custody of the child. *Id.*, at * 2. The juvenile court denied both petitions and ordered the child to remain a ward of the court. *Id.* Thereafter, the father

_____

[5](...continued)
child's removal, to determine whether the removal is required under T.C.A. § 37-1-114. If the court determines that the child's removal is required under T. C. A. §37-1-114, the court may order that the child be placed in the custody of a suitable person, persons or agency, as specified in T.C.A. § 37-1-116. . . .

appealed *de novo* to circuit court. *Id.* The circuit court dismissed the father's appeal, in part, because it found that it lacked jurisdiction. *Id.*, at * 3.[6]

This Court in *In re McBee* examined the procedural history of the matter and found that the case was a dependency and neglect matter initiated by DHS's petition. *Id.*, at * 5. In holding that the circuit court erred in dismissing the father's *de novo* appeal under Tenn. Code Ann. § 37-1-159(a), we stated as follows:

> [T]he [father's] petition was actually part of the dependent and neglect proceedings, and not a petition to change custody in a divorce case. The Juvenile Court and this Court must look to the substance rather than to the form of the pleadings. *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. App. 1977). The Juvenile Court in this case was exercising its exclusive jurisdiction over [sic] and neglect proceedings and was not acting as a domestic relations tribunal. [The father's] petition was properly before the Juvenile Court pursuant to the dependent and neglect proceedings. *See Department of Human Services v. Gouvitsa*, 735 S.W.2d 452 (Tenn. App. 1987).
>
> *Since the Juvenile Court's final order was in a dependent and neglect proceeding, the appeal by [the father] was properly filed in the Circuit Court.*

*Id.*, at * 6 (emphasis added).

The procedural history of this case is very similar to that found in *In re McBee*. As discussed, the Grandparents' Petition for Emergency Custody involved the issue of the Children's dependency and neglect and triggered the Juvenile Court's exclusive original jurisdiction. While the issues before the Juvenile Court evolved from strictly the issue of dependency and neglect to the issue of custody, the Juvenile Court Order which Father attempted to appeal *de novo* to Circuit Court was part and parcel of the dependency and neglect proceeding. Accordingly, in light of this Court's holding in *In re McBee*, we hold that the Circuit Court had jurisdiction to hear Father's appeal of the Juvenile Court Order under Tenn. Code Ann. § 37-1-159(a) and that Father's appeal was properly made to Circuit Court. *See id.* Therefore, we vacate the Circuit Court Order which dismissed Father's appeal and remand this matter to Circuit Court for a determination of Father's appeal *de novo* of the Juvenile Court Order in accordance with Tenn. Code Ann. § 37-1-159(a).

---

[6] In *In re McBee*, the circuit court also dismissed the father's appeal because it found that father lacked standing. *In re McBee*, 1988 Tenn. App. LEXIS 535, at * 2.

With respect to Father's remaining issue on appeal regarding the Juvenile Court Order, we dismiss this appeal of the Juvenile Court's Order since the Circuit Court has jurisdiction to hear Father's appeal *de novo* of the Juvenile Court Order.

### **Conclusion**

The judgment of the Circuit Court of Hawkins County is vacated, and this cause is remanded to the Circuit Court for a hearing *de novo* of Father's appeal of the judgment of the Juvenile Court of Hawkins County entered April 12, 2001, consistent with Tenn. Code Ann. § 37-1-159(a), and such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The appeal of the judgment of the Juvenile Court is dismissed. The costs on appeal are assessed against the Appellees, David and Debra Fleenor.

_____
D. MICHAEL SWINEY, JUDGE