IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 15, 2005 Session

## IN THE MATTER OF: T.M.C.

**Appeal from the Juvenile Court for Williamson County**
**No. 41561, 16496     Lonnie Hoover, Judge**

**No. M2004-02653-COA-R3-JV - Filed December 28, 2005**

Mother appeals custody order of the Juvenile Court of Williamson County relative to her oldest child who had been previously determined by that Court to be a dependent and neglected child. The appeal is dismissed for lack of subject matter of jurisdiction and the case remanded to the Williamson County Juvenile Court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed and Case Remanded to**
**Juvenile Court of Williamson County**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

D. Scott Parsley and Michael K. Parsley, Nashville, Tennessee, for the appellant, Michelle Terry.

Paul G. Summers, Attorney General and Reporter; and Douglas Earl Dimond, Assistant Attorney General, for the State of Tennessee.

Deana C. Hood, Franklin, Tennessee, for the appellee, Sonja and Michael Creighton.

Robert Harry Plummer, Jr., Franklin, Tennessee, Guardian ad litem.

### OPINION

While the proceedings in the trial court involved five children born to Michelle Terry with the four youngest of the children being the children of John and Michelle Terry, the case on appeal involves only T.M.C., she being the child of Michelle Terry, born of a previous relationship. The dispositive question is whether or not this court has subject matter jurisdiction of the appeal.

T.M.C. was born February 23, 1994 to Michelle Creighton. John Terry and Michelle Creighton married in 1994 and two children, a son J.T. and a daughter, M.M.T. were born to this marriage. The parties were divorced on March 12, 1999, but continued an intimate relationship

thereafter during which a third child, J.A.T., was born.  Then on July 11, 2002, the parties remarried and a fourth child, H.M.T. was born in February 2003.  So it is that during the period starting with their first marriage in 1994 and continuing to the present time a family unit developed consisting of John and Michelle Terry along with T.M.C., J.T., M.T., J.A.T. and H.M.T.

From near the beginning the relationship between John Terry and Michelle Terry was a troubled one with one divorce, one remarriage and various separations requiring court proceedings in both the chancery court of Williamson County and in the juvenile court of Williamson County.  On November 4, 1999 while the family unit consisted of John and Michelle Terry together with T.M.C., J.T. and M.T., the Tennessee Department of Children's Services (TDCS) filed a dependent and neglect petition asking for the removal of the children.  In the final hearing on this petition held on April 5, 2000, the children were found to be dependent and neglected when they were in the custody of their mother, and it was determined that their best interest required placement of custody with John Terry.  This order was entered April 14, 2000, and no appeal was taken therefrom.  The parties had been divorced on March 12, 1999, but continued their off-again, on-again relationship during which J.A.T. was born.  John and Michelle Terry remarried, after which H.M.T. was born.

On May 13, 2003 the Department of Children's Services filed a petition to adjudicate the children dependent and neglected.  On July 15, 2004, during the pendency of this petition the maternal grandparents, Sonja and Michael Creighton, filed an intervening petition seeking custody of T.M.C.  All matters pending were set for trial on September 14, 2004, but at the beginning of the hearing the State of Tennessee Department of Children's Services dismissed its petition for dependency and neglect.

The juvenile court of Williamson County entered its final order on October 27, 2004 holding in pertinent part:[1]

> It is hereby ordered adjudged and decreed the petition for dependency and neglect filed by the State of Tennessee, Department of Children's Services on May 13, 2003 shall be dismissed.
>
> . . .
>
> It is further ordered adjudged and decreed that by virtue of this court's order of April 14, 2000 John Terry has legal custody of [T.M.C.].  The court accepts John Terry's desire to place legal and physical custody of [T.C.] with intervening petitioners Michael and Sonja Creighton.

---

[1]Since this appeal deals only with T.M.C. and his custody a synopsis of the proceedings below is substantially limited to matters that concern T.M.C. and are relevant to the determination by this court of subject matter jurisdiction of the appeal which involves only T.M.C.

It is further ordered adjudged and decreed that legal and physical custody of [T.C.] shall be awarded to Michael and Sonja Creighton.

Michelle Terry filed an appeal to this court from the final order of the Juvenile Court of October 27, 2004. The Department of Children's Services filed a brief in this court questioning the jurisdiction of this court which the court determines to be dispositive of this appeal.

The Juvenile Court has exclusive original jurisdiction of all proceedings in which a child is alleged to be dependent and neglected and such jurisdiction continues until such person reaches the age of eighteen years. T.C.A. 37-1-103. T.C.A. 37-1-159(a) provides in pertinent part ". . . any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo."

The juvenile court of Williamson County determined in its order of April 14, 2000 that T.M.C. was a dependent and neglected child and that order was not appealed to the circuit court. The unanswered question presented by this appeal is whether or not custody proceedings occurring subsequent to the dependent and neglect finding pursuant to the continuing jurisdiction of the juvenile court over the dependent and neglected child are governed by T.C.A. 37-1-159(a) and thus appealable to the circuit court rather than to the court of appeals. We answer in the affirmative.

In construing the comprehensive juvenile court act as embodied in chapter 177 of the Public Acts of 1955 (previously codified as T.C.A. section 37, ch. 2), which contained continuing jurisdiction provisions upon the adjudication of dependency and neglect and also provisions providing for appeal and de novo hearing in the circuit court from such adjudications, this court held:

> Of course, any future order made by the Juvenile Court of Shelby County concerning the care, custody and support of these children or either of them will be subject to review by appeal to the Circuit Court of Shelby County as provided by T.C.A. section 37-273.

*Lokey v. Griffin*, 322 S.W.2d 239, 250 (Tenn. Ct. App. 1958) (*cert. denied* Oct. 3, 1958).

The rule in *Lokey* was reinforced by the Supreme Court in *In re Houston*, 428 S.W.2d 303 (Tenn. 1968).

At the time of the decision in *Lokey* T.C.A 37-273 provided:

> The Juvenile Court shall be a court of record. When a Juvenile Court shall make any disposition of a child, either party dissatisfied with the judgment or order may appeal to the Circuit Court which shall hear the testimony of witnesses and try the case de novo. Said appeal shall be perfected within five (5) days thereafter,

excluding Sundays. In its order the Circuit Court shall remand the case to the Juvenile Court for enforcement of the judgment entered by the Circuit Court.

Section 37-273 had been amended by chapter 315 of the Public Acts of 1957 in order to make clear that the trial in circuit court on appeal from juvenile court was a trial de novo and further that the circuit court should after adjudicating the appeal remand the case to the juvenile court for enforcement of the circuit court judgment.

Chapter 42 of the Public Acts of 1959 inserted a second paragraph effective February 23, 1959, which provided:

When an appeal is perfected the juvenile court shall cause the child and the record in the case, including a written finding of fact upon which the judgment of the juvenile court was based to be taken forthwith before the circuit judge whose duty it shall be, either in term time or in vacation time to set the case for an early hearing. Pending the hearing the circuit court shall have authority to make the same temporary disposition of the child as is vested in juvenile courts, provided, however, that until the circuit court shall have entered an order for temporary disposition of the child, the order of the juvenile court shall be and remain in effect. [Acts 1955, ch. 177, § 32; 1957, ch. 315. § 1; 1959, ch. 42, § 1.]

Chapter 600 of the Public Acts of 1970 was a comprehensive act concerning juvenile court proceedings which simultaneously with its enactments repealed Title 37 chapter 2 of Tenn. Code Ann. Section 58 of Chapter 600 of the Public Acts of 1970 codified as T.C.A. 37-1-159(a) carried forward in the code the provision that appeals from dependent and neglect proceedings would be made directly to the circuit court for trial de novo.

So it is that the continuing jurisdiction of the juvenile court over a dependent and neglected child as provided in former T.C.A. section 37-263 continues with even more emphasis in T.C.A. 37-1-103.[2] Also, the provision previously contained in T.C.A. 37-273 and construed in the *Lokey* decision survives in T.C.A. 37-1-159(a).

The reasoning in *Lokey v. Griffin* appears to have survived statutory changes made subsequent to 1958 including the simultaneous repeal and essential reenactment occasioned by chapter 600 of the Public Acts of 1970.

Where a statute is repealed by a new statute which relates to the same subject matter, and which reenacts substantially the provisions of the earlier statute, and the repeal and reenactment occur simultaneously, the provisions of the original statute which are reenacted in the new statute are not interrupted in their operation by the so-

---

[2]By former T.C.A. section 37-263, continued retention of jurisdiction after an adjudication of dependency and neglect could be waived at the discretion of the juvenile judge.

called repeal; they are regarded as having been continuously in force from the date they were originally enacted. Thus, the simultaneous repeal and reenactment of substantially the same statutory provision is to be construed, not as an true repeal, but as an affirmation and continuation of the original provision.

73 Am. Jur. 2d *Statutes* § 278.

The Supreme Court of the United States reasoned:

Upon comparing the two acts of 1888 and 1890 together, it is seen that they both legislate upon the same subject, and in many cases the provisions of the two statutes are similar, and almost identical. Although there is a formal repeal of the old by the new statute, still there never has been a moment of time since the passage of the act of 1888 when these similar provisions have not been in force. Notwithstanding, therefore, this formal repeal, it is, as we think, entirely correct to say that the new act should be construed as a continuation of the old with the modification contained in the new act. This is the same principle that is recognized and asserted in *Steamship Co. v. Joliffe*, 2 Wall. 459. In that case there was a repeal in terms of the former statute, and yet it was held that it was not the intention of the legislature to thereby impair the right to fees which had arisen under the act which was repealed. As the provisions of the new act took effect simultaneously with the repeal of the old one, the court held that the new one might more properly be said to be substituted in the place of the old one, and to continue in force, with modifications, the provisions of the old act, instead of abrogating or annulling them, and re-enacting the same as a new and original act.

*Bear Lake and River Waterworks and Irrigation Co. v. Garland*, 164 U.S. 1, 11-12, 17 Sup. Ct. 9, 41 L. Ed. 327 (1896).

This holding in *Bear Lake* was picked up again in *Bingaman et al. v. Golden Eagle Western Lines, Inc.*, a case concerning the imposition of an excise tax pursuant to state statute.

The new Mexico decisions dealt with an earlier act, the terms of which, however, without material change, were carried forward into the act of 1933, with the result that the new act became a continuation of the earlier one. *Bear Lake & River Waterworks & Irrigation Co. v. Garland*, 164 U.S. 1, 11-14, 17 S.Ct.7, 41 L. Ed. 327. Compare *Posadas v. National City Bank of New York*, 296 U.S. 497, 56 Sup. Ct. 349, 80 L. Ed. 351 (Jan. 6, 1936).

*Bingaman et al. v. Golden Eagle Western Lines, Inc.*, 297 U.S. 626, 628, 80 L. Ed. 928 (1936).

The clear implication of the *Bingaman* decision is that cases applying those provisions in the reenacted statute retain their authority. The same reasoning of *Bear Lake* was used, albeit in

footnote, by the Supreme Court in *County of Oneida, New York et al. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 84 L. Ed. 2d 169 (1985) (*reh'g denied*, 471 U.S. 1062, 105 S. Ct. 2173.) In determining the continued force of the restraint on the alienation of Indian lands pursuant to the Nonintercourse Act originally passed in 1790, the Supreme Court made the following statement:

> The reasoning of *Bear Lake and River Water Works and Irrigation Co. v. Garland*, 164 U. S. 1, 11-12, 17 S. Ct. 7, 9, 41 L. Ed. 327 (1896), is directly on point:
>
>> Although there is a formal repeal of the old by the new statute, still there never has been a moment of time since the passage of the [old] act . . . when these similar provisions have not been in force. Notwithstanding, therefore, this formal repeal, it is . . . entirely correct to say that the new act should be construed as a continuation of the old . . . .
>
> Accord, *Steamship Co. v. Joliffe*, 2 Wall. 450, 458, 17 L. Ed. 805 (1865); *Great Northern R. Co. v. United States*, 155 Fed. 945, 948 (CA8 1907), aff'd, 208 U.S. 452, 28 S. Ct. 313, 52 L. Ed. 567 (1908).

*County of Oneida, New York et al. v. Oneida Indian Nation of New York State et al.*, 470 U.S. 226, 246 n. 18, 105 Sup. Ct. 1245, 1257, 84 L. Ed. 2d 169.

While the comprehensive act embodied in Chapter 600 of the Public Acts of 1970 and subsequent legislative enactments have made many changes in juvenile courts and proceedings all such acts are consistent with a reassertion of the original jurisdiction of the juvenile court of matters involving dependent and neglected children (T.C.A. 37-1-103) and as to such proceedings jurisdiction on appeal is to the circuit court (T.C.A. 37-1-159)(a).

It is the exclusive province of the legislature subject only to the inhibitions provided in the constitution to determine how many and what kind of courts are required for the administration of justice and to determine the character and limits of the jurisdictions of such courts. *Moore v. State* 37 Tenn. 510 (Tenn. 1858). In the exercise of its power to establish courts under Article 6, section 1 of the Constitution of Tennessee, the legislature may create courts of general, special or limited jurisdiction and may determine the limits of such jurisdiction. *State v. Murrell,* 90 S.W.2d 945, 946 (Tenn. 1936).

When it comes to the disposition of a dependent and neglected child the juvenile court must exercise its original jurisdiction and cannot transfer that jurisdiction to another court. This court has held:

> We think, however, that the dictum in *Kidd v. State*, cannot be taken as authority for the proposition that a juvenile court can confer jurisdiction on another court simply by entering an order of transfer. It is clear that *the parties* cannot confer subject matter jurisdiction on the court by consent. *See Curtis v. Garrison*, 211 Tenn. 339,

346, 364 S.W.2d 933, 936 (1963); *James v. Kennedy*, 174 Tenn. 591, 595, 129 S.W.2d 215, 216 (1939). We think it is equally clear that *a court* cannot confer subject matter jurisdiction on another court. Tenn. Const. art. 6, § 1 grants the legislature the power to determine how many and what kinds of courts are required for the administration of justice and the power to fix the limits of each court's jurisdiction. *See State ex rel. Ward v. Murrell*, 169 Tenn. 688, 692, 90 S.W.2d 945, 946 (1936). Courts possess "only such jurisdictional powers as are directly, or indirectly, expressly or by implication, conferred upon [them] by the constitution or legislation of the sovereignty on behalf of which [they] function." 20 Am. Jur.2d *Courts* § 91 (2d ed. 1965); *see also Coonradt v. Sailors*, 186 Tenn. 294, 305, 209 S.W.2d 859, 863 (1948); *McHenry's Lessee v. Wallen*, 10 Tenn. 441, 444 (1830).

*Simpkins v. Greer*, No. 01-A-01-9202-CH-0060, 1993 WL 18311 *3 (Tenn. Ct. App. Jan. 29, 1993). *See also Hicks v. Hicks*, No. 01-A-01-9309-CH-00417,1994 WL 108896 (Tenn. Ct. App. March 30, 1994).

In *State v. George*, 968 S.W.2d 896 (Tenn. Crim. App. 1997) a petition alleging dependency and neglect had been filed in the juvenile court and a child had been determined by that court to be dependent and neglected. The aggrieved father then sought by petition to the chancery court to change custody and in furtherance of that petition received a temporary restraining order from the chancellor. Defendants violated the restraining order and were indicted for custodial interference. Defendants pled guilty to the charge in circuit court, reserving their right to appeal the jurisdiction of the chancery court to issue such a restraining order. In reversing the circuit court and dismissing the prosecution of the defendants, the court of criminal appeals held:

> A juvenile court has exclusive original jurisdiction of proceedings "in which a child is alleged to be . . . dependent and neglected." Tenn. Code Ann. § 37-1-103(a)(1). Once the juvenile court has assumed jurisdiction in such matters, the juvenile court's "jurisdiction [in dependent and neglect cases] shall continue until [the child] reaches the age of eighteen (18)." Tenn. Code Ann. § 37-1-103(c). Thus, the appellate courts have held that neither a chancery court nor a circuit court has jurisdiction to enter a decree or judgment regarding custody of a minor child after a petition to declare the child in question dependent and neglected has been filed in the juvenile court or after the juvenile court has found the child to be dependent and neglected and awarded custody of the child. *See Kidd v. State ex rel. Moore*, 207 Tenn. 244, 338 S. W. 2d 621 (1960); *Arnold v. Gouvitsa*, 735 S.W.2d 458 (Tenn. Ct. App.), *per. app. denied* (Tenn. 1987); *Department of Human Serv. v. Gouvitsa*, 735 S.W.2d 452 (Tenn. Ct. App.) *per. app. denied* (Tenn. 1987); *Marmino v. Marmino*. 34 Tenn. App. 352, 238 S.W.2d 105 (1950), *cert. denied* (Tenn. 1951).

> The juvenile court attempted to transfer the proceedings to the chancery court after adjudicating the child was dependent and neglected. The appellate courts have held jurisdiction cannot be conferred to a chancery court or circuit court *sua sponte*

or by consent of the parties. *Hicks v. Hicks*, Sumner County No. 01-A-01-9309-CH-00417, 1994 WL 108896 (Tenn. Ct. App., Nashville, March 30, 1994); *Simpkins v. Greer*, Cheatham County No. 01-A-01-9202-CH-00060, 1993 WL 18311 (Tenn. Ct. App., Nashville, January 29, 1993).

In the context of this case, the chancellor did not have jurisdiction to adjudicate the merits of the petition for a change of custody since this issue had been adjudicated by the juvenile court in the dependent and neglect proceedings. Consequently, the TRO which was issued based on the strength of the petition for change of custody was void. *Department of Human Serv. v. Gouvitsa*, 735 S.W.2d at 457. It follows the defendants could not be convicted of custodial interference of the TRO issued by the chancellor.

*State v. George*, 968 S.W.2d at 898.

Finally, and we think depositive of the issue, just as the juvenile court cannot transfer jurisdiction to either the circuit or chancery court so the juvenile court cannot vest the court of appeals with appellate jurisdiction over its findings in an adjudication of dependency and neglect. This is made clear in *State Dept. of Children's Services v. Owens*, 129 S.W.3d 50 (Tenn. 2004). In that case the juvenile court of Haywood County had considered a petition alleging dependency and neglect. While that petition was pending, the child's aunt and her husband filed an intervening petition seeking custody. Tennessee Department of Children's Services then filed a petition to terminate parental rights to the child. The juvenile court first terminated the parental rights of the parents and then took up the intervening petition for custody. The court then dismissed the intervening petition on the basis that the issues were moot because the termination order deprived the court of jurisdiction to hear the intervening petition for custody. In its final order the juvenile court in addition to holding that it no longer had jurisdiction went on further to state that it would not be in the child's best interest to grant the intervening petition.

The intervening petitioners then appealed to the circuit court of Haywood County only to be met by a motion to dismiss filed by the Tennessee Department of Children's Services asserting lack of jurisdiction in the circuit court. The circuit court granted the motion to dismiss for lack of jurisdiction and the intervening petitioners appealed to the court of appeals.

The court of appeals then faced the issue of whether or not the juvenile court's termination of parental rights order deprived the juvenile court and the circuit court on appeal of jurisdiction to hear the intervening petition for custody. Tennessee Department of Children's Services sought and was granted an immediate application to appeal to the supreme court. *See* Tenn. R. App. P. 11. The supreme court held:

In its brief to this Court, TDCS contends that the circuit court did not have jurisdiction to hear the appeal of this case. Consistent with that conclusion, TDCS asserts that the circuit court did not have the authority to transfer this case to the Court of Appeals.

Tennessee Code Annotated section 37-1-159 governs the appeal of judgments of the juvenile court. That statute, in pertinent parts, provides that "any appeal from any final order or judgment in . . . [a] dependent and neglect proceeding . . . may be made to the circuit court" to be reviewed de novo. Tenn. Code Ann. § 37-1-159(a) (2001). In contrast, "all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure." *Id.* § 37-1-159(g).

After having recognized that this case began as a dependency and neglect case, the Court of Appeals concluded, nevertheless, that it had been converted into a termination of parental rights case. Thus, the Court of Appeals held that the circuit court had no jurisdiction – a conclusion accompanied neither by reasoning nor analysis.

We conclude that the order that the Maddoxes attempted to appeal de novo to the Circuit Court was connected to the dependency and neglect proceeding. The nature and substance of a proceeding cannot be transformed simply by the filing of a petition with a different caption. Here, despite TDCS's later-filed petition and the subsequent order terminating parental rights, the Maddoxes' intervening petition for custody was properly before the juvenile court in S.L.O.'s dependency and neglect hearing. Although TDCS correctly notes that "custody decisions arising from juvenile court terminations of parental rights are appealed directly to the Court of Appeals," we conclude that the order appealed in this case arose out of a dependency and neglect proceeding, rather than from a termination proceeding. Thus, the Maddoxes' appeal was properly perfected to the circuit court pursuant to section 37-1-159(a).

*State Dept. of Children's Services v. Owens*, 129 S.W.3d 54-55.

The supreme court remanded the case to the circuit court with instructions to regard the cause as involving dependency and neglect and to decide the case within that context.

We hold that this court is without jurisdiction of the appeal in this case and that such jurisdiction is vested in the circuit court of Williamson County pursuant to T.C.A. 37-1-159(a). The appeal is dismissed and the case remanded to the Juvenile Court of Williamson County for such further proceedings as may be necessary. Costs of appeal are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE